IN RE ESTATE OF OMER M. FISHER.—(EDNA FISHER, Appellant, *vs.* EVANGELINE KENT *et al.*, Appellees.)

*Opinion filed May 24, 1951—Rehearing denied September 17, 1951.*

TEMPLEMAN & TEMPLEMAN, of Springfield, for appellant.

R. E. BOLEY, and LAURENCE L. ARNOLD, both of Olney, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Omer M. Fisher, a resident of Claremont, died September 29, 1948, leaving a widow, a sister, and a niece and nephew as his heirs. On November 29, 1948, the widow filed a complaint for partition of real estate left

by decedent, alleging he died intestate. She thereafter filed a petition in the county court of Richland County, seeking probate of an alleged will of decedent dated September 2, 1948, in which he purported to bequeath five dollars each to the sister and the niece and nephew, and the residue of his property, real, personal and mixed, to his wife. The sister, and the niece and nephew were made respondents. From an order denying probate an appeal was taken to the circuit court where, after a hearing *de novo,* probate was again denied. As the instrument purports to dispose of real estate the widow appeals directly to this court. The principal question presented is whether the evidence is sufficient to sustain the finding that the will was not signed by the testator in the presence of the attesting witnesses and was not attested by them in his presence as required by the statute. Ill. Rev. Stat. 1949, chap. 3, par. 194.

The instrument bears the usual attestation clause, reciting in part that it was signed, sealed, published and declared by the testator to be his last will and testament in the presence of the witnesses who, at his request, subscribed their names thereto in his presence and in the presence of each other. Both witnesses, however, testified in the county court that the testator was' not present when they signed the will and that they did not see him sign it. They testified further that they did not read the instrument; that Mrs. Fisher, the testator's wife, requested them to sign it; and that they did so in her presence at the office of W. B. Roberts, a notary public in Marion, Illinois. A transcript of this testimony was introduced in evidence on the appeal to the circuit court. In addition, the court considered a deposition of Roberts, previously taken at the request of appellant, in which he testified that on September 2, 1948, the testator signed the will in his office in the presence of the attesting witnesses; that no women were present; and that, after seeing the testator and witnesses sign, he notar-

ized their signatures. The respondents then produced several witnesses who contradicted Roberts concerning the physical appearance of the testator, and also an attorney who testified that on an occasion prior to the deposition he questioned Roberts concerning the transaction and that the latter at that time said he did not remember the name of the man who signed the will, did not know the testator and had no record of the transaction in his daily record book.

To support her contention that the evidence is sufficient to require admission of the will to probate, appellant argues that the attestation clause is *prima facie* proof of due execution and that the testimony of the subscribing witnesses, being in conflict with it, is entitled to little weight. It is further urged as improbable that the subscribing witnesses would sign and acknowledge the document before a notary public without knowing its nature or import; or that testator's wife would have filed a complaint for partition, alleging he had died intestate, if she had caused the will to be executed. We think, however, that the testimony of the subscribing witnesses clearly shows that the statutory requirements were not observed. The matters referred to, while tending to indicate some improbability that the will was signed at the request of appellant, cannot overcome the positive evidence provided by the subscribing witnesses, who were not shown to have had any motive for testifying falsely in the case. In *In Re Estate of Balicki,* 408 Ill. 84, we recently affirmed an order denying probate of a will where the attesting witnesses testified it was not signed or acknowledged by the testator in their presence. The weight of the evidence introduced in opposition to such testimony was not substantially different from that in the case at bar, and the same result must follow here.

It is extremely unfortunate that careless or unprincipled persons are so often selected as attesting witnesses. They cannot be too severely criticized for signing attestation statements such as those appearing in this will, and then

swearing to the contrary when they are called as witnesses in court. Such conduct is doubtless responsible for defeating or nullifying many intended dispositions of property, and may have consequences far greater than those of ordinary carelessness. However, there can be no relief for proponent from their negligence. Persons desiring to make their wills should realize the importance of more carefully selecting the persons who are to act as attesting witnesses.

Appellant next maintains that respondents were restricted to proof of fraud, forgery, or compulsion on the hearing in the circuit court, and that the testimony of witnesses tending to impeach that of Roberts was incompetent. It appears, however, that neither appellant nor her attorneys were present at the hearing in the circuit court, although notice thereof was given, and, of course, no objection was made to the testimony in that court. Under such circumstances, the error must be considered as being waived. A party cannot sit by and permit incompetent evidence to be introduced without objection, and thereafter complain of the error for the first time on appeal.

It is finally contended that the county court was without jurisdiction to conduct the original hearing, and that the transcript of the subscribing witnesses' testimony was, therefore, void and of no effect. This contention is based upon the facts that the county judge to whom the petition for probate of the will was directed had been the attorney for appellant in her partition suit; that he withdrew as such attorney prior to the hearing in the county court,—which was had before an acting judge from another county court,—and thereafter represented one of the respondents in the present case on the appeal to the circuit court; and that he was, therefore, interested in the estate within the meaning of section 56 of the Probate Act. That section provides in part that "When the county judge of any county in which there is no probate court is interested other than as a witness or a claimant in any estate which would be

administered in his court except for his interest therein or in any estate pending in his court, the estate shall be administered in the circuit court of that county." (Ill. Rev. Stat. 1949, chap. 3, par. 208.) We have held that the interest of an attorney at law in the suit of his client is within the principle of such provisions, and that the existence of such an interest "goes to the jurisdiction of the court." *Graham* v. *People ex rel. Rutledge,* 111 Ill. 253.

It is unnecessary, however, to determine whether the participation of this judge in the present case constitutes an interest in the estate within the meaning of the statute, for proponent herself submitted the petition to the county court, and, on her appeal to the circuit court for a hearing *de novo,* raised no objection to the jurisdiction. The contention concerns jurisdiction of the particular case rather than a general jurisdiction of the subject matter. It cannot be disputed that the county court had jurisdiction of the subject matter, or the class of cases to which this case belongs. In such cases, where the parties enter their appearance and contest their rights before the court to a final judgment without objection to the right of the trial judge to hear the cause and to render such final judgment, they will, on an appeal to this court, be bound so far as the question of jurisdiction over the particular case is concerned. (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462; *Grier* v. *Cable,* 159 Ill. 29, 31-32.) Appellant cannot, therefore, raise in this court any objection to the transcript of subscribing witnesses' testimony, based upon an asserted absence of such jurisdiction.

We have carefully considered the errors assigned, and find them to be without merit. The order of the circuit court must accordingly be affirmed.

*Order affirmed.*