(No. 34269.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD GILBERT, Plaintiff in Error.

*Opinion filed Nov. 20, 1957—Rehearing denied Jan. 20, 1958.*

412

PETER A. DAMMANN, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, BRUCE E. KAUFMAN, L. LOUIS KARTON, and JOHN J. STAMOS, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

After trial by jury in the criminal court of Cook County, the defendant Edward Gilbert was found guilty of murder and sentenced to life imprisonment. He now seeks reversal of this conviction by writ of error.

The errors urged by the defendant are that (1) the evidence was insufficient to establish premeditated murder; (2) the trial judge was so arbitrary and injudicious in his conduct as to prejudice and confuse the jury and thus deny defendant a fair trial; and (3) the instructions did not fairly and accurately define the law applicable to the facts and tended to mislead and prejudice the jury.

There was no eyewitness to the actual shooting except the defendant. Defendant relies upon a theory of self-defense, claiming that the victim, a larger man, struck him several times in a tavern a short while before the killing, and that he soon thereafter encountered the victim upon the street, who thereupon threatened to kill the defendant.

The prosecution relied upon the events preceding the killing, a statement made by defendant to the police in the polygraph room of the Scientific Crime Detection Laboratory in Chicago, and related circumstances.

Where the defendant is the only person to testify to the actual facts of a homicide and for the purpose of establishing self-defense, the jury is not compelled to accept the defendant's statements. It may consider the surrounding circumstances, and the probability or improbability of his story. (*People* v. *Uher,* 375 Ill. 499; *People* v. *Jordan,* 4 Ill.2d 155.) If the defendant's version is probable, is corroborated, and not contradicted in its material parts, the jury may not disregard it. But the jury may reject it, in whole or in part, if it is so improbable as to seem incredible, even without contradictory evidence, or is contradicted by the facts and circumstances. *People* v. *Jordan,* 4 Ill.2d 155.

Certain facts bearing upon this case are undisputed. The defendant admits that he did shoot and kill the deceased, that shortly before the shooting he did have an altercation with deceased in a tavern, during which deceased struck defendant on the head and knocked him down. It is also admitted that at the time defendant had a loaded revolver in his possession, which fell to the floor during the altercation, and which was kicked aside and picked up by a bystander. Defendant contends that the gun fell from his pocket when he was knocked down, but one witness testified that defendant attempted to draw it from his pocket and dropped it when he was struck down. It is uncontradicted that deceased left the tavern immediately after knocking the defendant down. Defendant testified that he reclaimed the revolver and left the tavern to go to a friend's home, who proved not to be at home. Other tavern patrons testified that defendant retrieved the gun, only after a tussle for it, and rushed out of the tavern shortly after deceased de-

parted. The evidence indicates that the shooting occurred within a block and one-half of the tavern, about fifteen minutes after the altercation.

The next day after the shooting the defendant further admits that he gave up his employment and left for Texas. He was later apprehended and returned to Chicago for trial.

Upon being returned to Chicago the defendant made a statement to police officers, which was offered in evidence at the trial without objection. Therein defendant stated "He jumped on me and fighting me and so I went and shot him," and further that the deceased walked up behind him and "I turned around to him and he said 'I'll kill anyone; that is my hole,' " and thereupon he shot him. At the trial, for the first time, defendant testified to the effect that at the time of the shooting the deceased was advancing upon him with his right hand in his pocket as he threatened to kill defendant, that he (defendant) backed away about eight feet and then shot the deceased.

It is true that the record does not fully disclose the circumstances surrounding the taking of the defendant's statement. Nevertheless, the defendant's attorney did not object to the admission of the statement in evidence, and he can hardly now be heard in an attack upon it. (*In re Estate of Fisher,* 409 Ill. 420.) The statement was not offered for any improper purpose, nor was it improperly referred to as a confession.

The jury, in reaching its determination, was justified in considering all of the evidence produced in court. It was for them to determine who was telling the truth, and to ascertain the facts of this case and whether they indicated a premeditated murder. Upon full review of the evidence we cannot say that the jury was unwarranted in rejecting the defendant's claim of self-defense, in view of the other facts and circumstances in evidence. Neither can we say, on the basis of our review, that the verdict of the jury is

against the manifest weight of the evidence. The evidence not being palpably contrary to the verdict, or so unreasonable, improbable, or unsatisfactory as to raise a reasonable doubt of defendant's guilt, we will not disturb the verdict of the jury. *People* v. *Harris,* 8 Ill.2d 431.

It is urged that the trial judge erred in certain remarks made during the trial. While examining a court's witness, the owner of the tavern in which the altercation between defendant and deceased first occurred, the judge told the bailiff "Direct him [the court's witness] back there for a while." A judge has a right to question witnesses and he must do so in a fair and impartial manner, without showing prejudice or bias against either party. (*People* v. *Marino,* 414 Ill. 445; *People* v. *Filipak,* 322 Ill. 546.) The court did not so err in questioning the court's witness. Our review of the record fails to reveal that the conduct, statements, or questions of the trial judge constitute prejudicial error. Most of his comments were directed toward a judicious handling of the trial, and he constantly admonished the jury that his statements to the attorneys and witnesses were to be disregarded and should constitute no indication of defendant's guilt. While a few statements by him may have been indiscreet, his delivery of the court's witness to the bailiff could constitute no indication of defendant's guilt or innocence, and if he erred in any regard it was not such error as requires reversal, the guilt of defendant being otherwise established beyond reasonable doubt. *People* v. *Sicks,* 299 Ill. 282.

Defendant further urges that the trial court improperly restricted the cross-examination of one Della Kinghouse. Defendant's attorney had repeatedly asked Miss Kinghouse why she and her companion had gone to the tavern where the altercation occurred. The court was well within its discretion in restricting such cross-examination. A cause will not be reversed for alleged improper rulings in that respect

unless such discretion has been clearly abused. (*People* v. *Jones,* 343 Ill. 291.) The ruling was neither improper nor an abuse of discretion.

Defendant also contends the court erred in permitting a witness to testify from hearsay that "Eddie shot Charles." The defendant admits that he shot Charles Ellington, and therefore even if violative of technical rules of evidence, any error so occurring could not require reversal.

It is finally contended that instructions numbered 6, 8, 9, and 10 are erroneous in that they do not fairly and accurately define the law of self-defense, and that these instructions together with instruction No. 14 tend to confuse and mislead the jury. It is insisted that instruction No. 6 fails to set forth the real test in self-defense; that test being what the defendant as a reasonable man honestly believed necessary under the circumstances. An instruction exactly like No. 6 has been approved by this court. (*People* v. *Durkin,* 330 Ill. 394; *People* v. *St. Lucia,* 315 Ill. 258.) In addition instruction No. 8 properly defines the law of self-defense, although defendant objects that that instruction improperly refers to "justifiable self-defense." While such phrase has been held unnecessary or improper, it was not held error where other instructions fully defined the circumstances under which the defense was available. (*People* v. *Biella,* 374 Ill. 87.) Like objection is made to instructions 9 and 10, as to instruction No. 6. However taking instructions 6, 8, 9, and 10 as a series, they do properly define the law of self-defense and specify when the defense is available. The entire law applicable to the questions involved in a case need not be stated in one instruction. It is sufficient if all of the instructions, when taken as a series, correctly advised the jury as to the law applicable to the case. *People* v. *Falley,* 366 Ill. 545.

The defendant contends that instruction No. 6 is erroneous in that it states that the law of self-defense does not imply the right of attack in the first instance, and told the

jury that if it believed from the evidence beyond a reasonable doubt that the defendant sought or brought on a difficulty with the deceased at the time of the shooting, then the defendant could not avail himself of the law of self-defense. The defendant does not contend the instruction is basically wrong, but only that it is not applicable to the case here because there is no evidence that the defendant provoked the difficulty at the street corner where the deceased was shot or that the defendant attacked the deceased.

The evidence does show that the defendant after the affray in the tavern demanded his gun and rushed out in the street where the deceased had gone. In the statement which was admitted without objection and given shortly after his arrest, the defendant said that the deceased had fought him so he (the defendant) went out and shot him. No claim of self-defense was then made.

From this evidence, it was proper for the court to instruct the jury as to the law concerning the right of attack in the first instance, and also as to whether the defendant sought or brought on a difficulty with the deceased at the time of the shooting.

We have examined all the other instructions given in this case and do not find anything of a nature prejudicial to the defendant. In fact, they disclose that the jury was instructed fairly and legally on the law of self-defense.

We have, thus, carefully considered all of the errors assigned herein, and fail to find real merit in any of them. The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*