(No. 36826.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE MCCAIN, Plaintiff in Error.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

WARREN C. HASKIN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Eugene McCain seeks review on writ of error of his conviction and 5-10 year sentence of imprisonment imposed following a jury trial in the criminal court of Cook County

on charges of robbery and armed robbery. He alleges undue restriction of his right of cross-examination, prejudicial remarks of the trial judge and the erroneous admission of prejudicial evidence as grounds for reversal or remandment.

Peter Van Den Tooren, a Yellow Cab Company driver, testified that about 4:00 A.M., February 1, 1961, he was hailed by defendant at the intersection of Grand and State streets in Chicago; that complainant watched defendant cross the lighted street and get in the left rear cab door which the witness opened for him; that the dome lights in the car were on and complainant was turned in his seat facing defendant as he entered. Defendant instructed the witness to drive to 4500 Prairie Avenue which he did, turning the meter off, the lights on and looking at the defendant when he arrived at the address. The driver was then told to turn right and drive to the middle of the block. He did so, stopping there and informing his passenger of the amount of the fare. Defendant then stabbed complainant repeatedly in the back of the head with a knife, took $23.20 from his pockets, and stabbed him again in the chest. Both men then got out of the cab, defendant fled and complainant drove to a nearby hospital.

Defendant was arrested by officers Ray and Jones on February 16, 1961, and identified by complainant at a lineup at the police station. Over objection the victim testified that he there walked over to defendant, placed his hand on defendant's shoulder and said: "This is the man that held me up with a knife." There is nothing to indicate whether defendant reacted or responded in any way to this statement. Officer Ray testified only that he arrested defendant and transported him to the station.

Defendant denied the crime and testified that on the night of the robbery he was sleeping at the home of Mrs. McClelland. Lenore McClelland testified that defendant stayed at her house the night in question, sleeping in an-

other room; that he was there when she went to bed at 12:30, at 3:30 when she got up to feed the baby and at 6:00 A.M. when she arose; that this was the only night he ever stayed there and that he did so because he was her brother's friend. On cross-examination she stated she had been "raised up" with defendant. She could give no explanation as to how she fixed February 1 as the night he stayed at her home.

Defendant suggests his cross-examination of the People's witnesses was unreasonably restricted, and we have examined the instances where this is alleged to have occurred. It is apparent that some of the questions, objections to which were sustained, concerned matters largely irrelevant to the issues, and the facts relating to other questions were subsequently clarified. Our holdings have vested the trial court with a substantial discretion as to the range of cross-examination, and we will not interfere with its exercise in the absence of its clear abuse, (*People* v. *Halteman,* 10 Ill.2d 74, 86; *People* v. *Gilbert,* 12 Ill.2d 410, 415), which is not here apparent.

The comments of the trial judge complained of by defendant were made in connection with rulings upon objections to questions or argument of counsel. Specifically, defendant contends the court's comment in the following quotation from the record was prejudicial.

"Q: How many men were with you on that date at the time you were arrested?

MR. WOLKE: Object.

THE COURT: Sustained.

MR. PUISIS: Well, your Honor, I believe I have a right to ask this witness who was with him or the circumstances—

THE COURT: We don't make any speeches except when the case is closed. Objection sustained. Strike out the colloquy."

While we believe under the circumstances counsel was en-

titled to state his reasons for his question without having his conduct characterized as "speech-making", and consider the ruling to be needlessly abrupt, we do not agree that it constituted prejudicial error.

Defendant's final contention involves the ruling of the court admitting complainant's statement, made at the time defendant was identified in the police station, that defendant was "the man who held me up with a knife." It is here argued that this testimony was properly received as an admission by silence. To qualify as such it is necessary that the circumstances be such "that the accused has heard the statement implicating him and has voluntarily refused to challenge the statement." (*People* v. *Nitti,* 312 Ill. 73, 91.) While it affirmatively appears that defendant must have heard the statement, there is nothing in this record to indicate whether defendant remained silent or denied the accusation. Since the principle permitting admission is that the natural reaction of an innocent person would be to deny the accusation, and that silence is an admission of guilt, proof of defendant's silence is essential to the admission of the declaration. *People* v. *Nitti,* 312 Ill. 73; *People* v. *Smith,* 25 Ill.2d 219, 224.

The People argue that the failure of the defendant to show a denial of the accusation renders proof of it competent, but the People misplace the burden. It is not defendant's responsibility to prove he denied the accusation—the People must establish his failure to do so, and it is precisely the absence of such proof that renders the admission of the statement here erroneous. *People* v. *Smith,* cited by the People as authority for their argument, is, in fact, decisive against them for there we specifically pointed out the testimony expressly establishing defendant's lack of denial or protest.

Before, however, we may remand the case for this reason it must appear that the defendant was prejudiced thereby, and we do not believe this to be true. The complainant

had ample opportunity to observe defendant both prior to and after defendant entered the cab, and positively identified him both before and at the trial. We have just recently re-affirmed the sufficiency of a positive identification by a single witness, (*People* v. *Washington,* 26 Ill.2d 207, 210,) and we believe the determination of the factual issues here was properly submitted to the jury. We see no reason to disturb their verdict. *People* v. *Solomon,* 24 Ill.2d 586.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*