THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE L. BROWN, Defendant-Appellant.

Second District No. 2—87—0060

Opinion filed June 27, 1988.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (John X. Breslin, William L. Browers, and Nancy Rink Carter, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After a jury trial defendant, Jimmie L. Brown, was convicted of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(d)) and sentenced to 17 years' imprisonment. He appeals contending that (1) the trial court erred by refusing to instruct the jury that defendant's reasonable belief that the complainant was 16 years of age was an affirmative defense to the crime charged; (2) his trial counsel was ineffective for failing to introduce evidence of defendant's reasonable belief that the complainant was 16 years of age; (3) state-

ments made in defendant's presence were improperly admitted as an implied admission; (4) defendant's conviction should be reduced to criminal sexual abuse, a Class A misdemeanor, in light of the complainant's age and sexual maturity; and (5) the 17-year sentence imposed was an abuse of discretion.

Officer Randy Furlough testified in trial that on October 22, 1986, he responded to a call at complainant's residence of a burglary in progress and was met by Julie Martinez, the complainant's mother. Furlough and Mrs. Martinez went to an upstairs bedroom, and after knocking on the door and receiving no response, Furlough kicked it open. Defendant and the complainant, DeAnn Martinez, who was 15 years old, were found nude, sleeping in bed. Furlough testified, over objection, that Mrs. Martinez told defendant to "[g]et up; you know she's only 15." Defense counsel stated that his objection was based on prejudice and was "not a matter of hearsay." Defendant was initially arrested for criminal trespass to land, and, when it was learned that he was 23 years old, he was charged with aggravated criminal sexual abuse.

The complainant testified that she was born on November 15, 1970, had known defendant for about eight or nine years, and had been seeing him since the day before her birthday on November 15, 1985. She stated that on October 22, 1986, she let defendant into her bedroom through a window, and, after talking and kissing for a while, they engaged in sexual intercourse. She also stated that she had told defendant before her fifteenth birthday that she was going to be 15. On cross-examination, the complainant testified that she told defendant her correct age both before and after her fifteenth birthday. She also stated that she may have told defendant the day before her fifteenth birthday that she was already 15, and that right after her fifteenth birthday, defendant had told her that he thought she was 16. She did not know the basis for defendant's belief that she was 16. On redirect examination, the complainant testified that she told defendant she was a freshman in high school, and on re–cross-examination, she "guessed" that there were many freshman at school who were already 16 years old, but that she didn't know.

Mrs. Martinez testified that she was awakened on October 22, 1986, by a noise on the roof, and when she went outside, she saw her daughter's bedroom window open, and that it is normally nailed shut. She called the police, and when Officer Furlough arrived and accompanied her to her daughter's bedroom, they found defendant and complainant lying in bed pretending that they were asleep. Mrs. Martinez hit defendant's chest a couple of times demanding that he get up, and

he ignored her. She also testified that, while she did not remember exactly what she said, she thought she said "That's it. I am getting you for statutory rape."

Defendant did not testify or present any witnesses on his behalf.

At the jury instruction conference, defense counsel tendered the following Illinois Pattern Jury Instruction on the defense of reasonable belief of age: "It is a defense to the offense of Aggravated Criminal Sexual Abuse that the defendant reasonably believed De Ann Martinez to be 16 years of age or older." (See Illinois Pattern Jury Instructions, Criminal, No. 11.43 (2d ed. Supp. 1987) (hereinafter IPI Criminal 2d No. 11.43 (Supp. 1987)); see also Ill. Rev. Stat. 1985, ch. 38, par. 12—17(b).) The following colloquy took place between the trial judge and defense counsel:

> "THE COURT: I think to bring it in as a defense you have to bring somebody in on your side of the case. This is cross examination.
>
> MR. KEEFE [defense counsel]: That's not the law.
> * * *
> MR. KEEFE: The State has the burden of proving every element of this case beyond a reasonable doubt.
> ***
> MR. KEEFE: One of the elements is knowledge.
> ***
> MR. KEEFE: What I am saying is this is not an affirmative defense. The burden is not on me to show that he didn't know.
> ***
> MR. KEEFE: The burden is not on me to prove this case.
> ***
> MR. KEEFE: That came in in the State's case. I don't have to put in any evidence.
> * * *
> MR. KEEFE: It goes back to my motion to dismiss. You can't show me where in People's 12 there is any guilty knowledge. That's an unconstitutional statute."

The trial court refused the instruction.

The jury found defendant guilty of aggravated criminal sexual abuse and he was thereafter sentenced to 17 years' imprisonment. The presentence report stated that as a minor, defendant was adjudicated a delinquent for criminal trespass to land, aggravated battery, battery, unlawful use of a weapon, and resisting a peace officer, and that defendant had four prior felony convictions as an adult. In May 1981, defendant was convicted for two unrelated burglaries and sen-

tenced to three years' probation, the first 90 days to be served at the county jail. In September 1981, defendant was convicted of theft over $150 and sentenced to two years' probation, the first six months to be spent in a drug rehabilitation center. Defendant was convicted of burglary in August 1982 and was sentenced to four years' imprisonment in the Department of Corrections and also had numerous misdemeanor convictions since the age of 18. Because at least two of defendant's prior felony convictions were for Class 2 felonies, and the present conviction was also for a Class 2 felony, defendant was sentenced as a Class X offender pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections. See Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8).

Defendant contends that the refusal to instruct the jury as to the affirmative defense of reasonable belief of age was erroneous, asserting that sufficient evidence was adduced during the State's case in chief to warrant the instruction. Alternatively, defendant argues that, under Illinois law, an affirmative defense can be developed by cross-examination of a State's witness, and that the complainant's testimony on cross-examination that defendant told her shortly after her fifteenth birthday that he thought she was 16 was sufficient evidence to raise the defense of reasonable belief of age.

■■ ■ Section 12—17(b) of the Criminal Code of 1961 provides that "[i]t shall be a defense under *** subsection (d) of Section 12—16 of this Code that the accused reasonably believed the person to be 16 years of age or over." (Ill. Rev. Stat. 1985, ch. 38, par. 12—17(b).) We note that, in such cases, the predecessor indecent liberties statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(1)) provided that reasonable belief that a child was 16 years of age or over was denominated as an "affirmative defense" (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(b)), but that the present statute does not do so. The committee note to IPI Criminal 2d No. 11.43 (Supp. 1987) states that when a defendant is charged with aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(d)), and the defense of reasonable belief of age "is raised by the evidence," an instruction should be given. The committee note refers the reader to the introduction to chapter 24—25 of the Illinois Pattern Jury Instructions for further guidance (IPI Criminal 2d No. 11.43 (Supp. 1987)), which generally summarizes the requirement for the production of evidence relating to affirmative defenses and the State's burden of proof once this issue is raised. (Illinois Pattern Jury Instructions, Criminal, No. 24—25.00 (2d ed. 1981).) From the foregoing, we conclude that the defense of reasonable belief of age under section 12—17(b) operates in the same manner as does an

affirmative defense, at least insofar as the requirement that, "unless the State's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, must present some evidence thereon." See Ill. Rev. Stat. 1985, ch. 38, par. 3—2(a).

■ Defendant's argument that evidence adduced during the State's case in chief was sufficient to raise the defense of reasonable belief of age is not supported by the record. The complainant testified, on direct examination by the State, that she started seeing defendant the day before her fifteenth birthday, and that she told defendant she was going to be 15 on her birthday. No testimony was elicited in the State's case in chief from complainant or any other witness that defendant may have reasonably believed that the complainant was 16 years of age or over, and we conclude that complainant's testimony on direct examination, which actually negated defendant's affirmative defense of reasonable belief of age, does not put that defense in issue. (*Cf. People v. Meeks* (1979), 75 Ill. App. 3d 357, 361, 393 N.E.2d 1190 (exemptions under the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1506) are tantamount to affirmative defenses, and the State does not put an affirmative defense into issue by attempting to show that a defendant's conduct was without legal justification).) While the complainant testified on cross-examination that she may have told defendant the day before her fifteenth birthday that she was already 15 and, that right after her fifteenth birthday defendant told her that he thought she was 16, it has been held that an affirmative defense may not generally be raised on cross-examination. (*People v. Greene* (1981), 102 Ill. App. 3d 933, 935-36, 430 N.E.2d 23, *appeal denied* (1982), 91 Ill. 2d 554; *People v. Hernandez* (1980), 88 Ill. App. 3d 698, 412 N.E.2d 572, *appeal denied* (1980), 81 Ill. 2d 600; *People v. Marchese* (1975), 32 Ill. App. 3d 872, 878, 336 N.E.2d 795, *appeal denied* (1976), 63 Ill. 2d 553.) Furthermore, in absence of evidence that defendant knew when the complainant's birthday occurred, her testimony that she may have told defendant the day before her fifteenth birthday that she was 15 is not evidence that defendant believed she was 16 the following October. Defendant argues that the *Marchese, Greene*, and *Hernandez* cases were incorrectly decided and that Illinois law does not prohibit the raising of affirmative defenses on cross-examination.

■ The general rule stated in the cited cases that an affirmative defense may not be raised through cross-examination also finds support in *People v. Nugara* (1968), 39 Ill. 2d 482, 236 N.E.2d 693, *cert. denied* (1968), 393 U.S. 925, 21 L. Ed. 2d 261, 89 S. Ct. 257, where the defendant sought to establish his affirmative defense of intoxica-

tion through cross-examination of a codefendant. Our supreme court held that eliciting testimony on cross-examination of a witness "cannot be equated with meeting the statutory prerequisite to presenting an affirmative defense of coming forward with evidence." (39 Ill. 2d at 488-89.) Defendant argues that the rule prohibiting the raising of an affirmative defense on cross-examination is based on the outmoded rule that a party may not impeach his own witness, and he requests this court to adopt a rule which would permit a defendant to establish an affirmative defense on cross-examination. Although we consider that in the circumstances of this case the jury would have been aided substantially in its evaluation of the evidence by the refused instruction, we are constrained by the noted precedent to conclude that the trial court did not err in refusing it.

 █ Defendant next contends that he was denied effective assistance of counsel because his trial attorney did not seek to reopen the case and call the complainant as a defense witness after the judge denied defendant's requested instruction on the basis that testimony elicited on cross-examination does not properly raise the defense. To establish ineffective assistance of counsel, a defendant must demonstrate that his counsel committed errors so serious that, judged by an objective standard, his performance was incompetent and that the errors caused prejudice to defendant without which there is a reasonable probability that the result of the proceedings would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 687-94, 80 L. Ed. 2d 674, 693-98, 104 S. Ct. 2052, 2064-68; *People v. Collins* (1985), 106 Ill. 2d 237, 273, 478 N.E.2d 267, *cert. denied* (1985), 474 U.S. 935, 88 L. Ed. 2d 274, 106 S. Ct. 267.) There is a strong presumption that trial counsel's performance is within the "wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " (*Strickland v. Washington* (1984), 466 U.S. 668, 689, 80 L. Ed. 2d 674, 694-95, 104 S. Ct. 2052, 2065, quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 100 L. Ed. 83, 93, 7 S. Ct. 158, 164.) While trial counsel's failure to raise a defense because of a misapprehension of the law may support a claim of ineffective assistance of counsel, the decision whether to call a given witness is a matter of trial strategy, generally not giving rise to a claim of incompetency of counsel. *People v. Wright* (1986), 111 Ill. 2d 18, 27, 488 N.E.2d 973.

 On this record we cannot conclude that defense counsel's decision not to call the complainant as a defense witness was attributable to a misunderstanding of the law rather than trial tactics. It is

apparent that defense counsel did not understand the State's burden of proof. At the instruction conference, he vigorously, and incorrectly, argued that the State had the burden to prove, as an element of aggravated criminal sexual abuse, that defendant knew the complainant was under 16 years of age. The court determined, however, that defendant first had the burden to produce some evidence that he reasonably believed that the complainant was 16 years of age, and because the only evidence of defendant's belief was elicited from the complainant on cross-examination, the court refused defendant's instruction. At this juncture, defense counsel did not move to reopen his case to recall the complainant as a defense witness.

We consider that counsel's decision was a matter of trial strategy. On cross-examination of the complainant, she had stated that defendant told her shortly after her fifteenth birthday that he thought she was 16. While she testified that it was possible she told defendant the day before her fifteenth birthday in November 1985 that she was 15 (but not that her birthday was the next day), this is not evidence that defendant believed the complainant was 16 the following October. Furthermore, while the complainant stated that right after her fifteenth birthday defendant told her that he thought she was 16, she also stated that she did not know the basis for defendant's belief. In light of the complainant's testimony, defense counsel could have reasonably concluded that recalling the complainant as a defense witness would do nothing to show that defendant reasonably believed that the complainant was 16 in October 1986.

Defendant next contends that Officer Furlough's testimony that Mrs. Martinez told defendant to "Get up; you know she's only 15," and Mrs. Martinez' testimony that she told defendant that "I am getting you for statutory rape," was inadmissible to show an implied admission. This issue has been waived as timely objections to hearsay statements must be made at trial and cannot be raised for the first time on appeal (*People v. Sebag* (1982), 110 Ill. App. 3d 821, 824, 443 N.E.2d 25, *appeal denied* (1983), 93 Ill. 2d 547; *People v. Davis* (1970), 126 Ill. App. 2d 114, 117, 261 N.E.2d 428, *appeal denied* (1970), 44 Ill. 2d 584), and specific objections waive all grounds not specified. (*People v. Curry* (1973), 56 Ill. 2d 162, 170, 306 N.E.2d 292.) Here, defense counsel objected to Furlough's testimony on the basis of prejudice and stated that it was "not a matter of hearsay." Issues not raised in a post-trial motion are also waived (*People v. Enoch* (1988), 122 Ill. 2d 176, 186), and defendant did not do so here. We consider this issue to the extent necessary to determine whether it was plain error.

■■ ■ Defendant argues that the testimony of Officer Furlough and Mrs. Martinez relating Mrs. Martinez' statement to defendant upon finding him in bed with the complainant was inadmissible to show an implied admission because the State did not prove that defendant remained silent when he heard Mrs. Martinez' statement. A statement is admissible under the implied admission exception to the hearsay rule if the State establishes the defendant's failure to deny the accusation; it is not the defendant's responsibility to show that the accusation was denied. (*People v. McCain* (1963), 29 Ill. 2d 132, 135, 193 N.E.2d 784; *People v. Miller* (1984), 128 Ill. App. 3d 574, 584, 470 N.E.2d 1222.) There is nothing in the record to show that defendant either denied it or remained silent in the face of Mrs. Martinez' accusation. The State argues that Mrs. Martinez' testimony, that "I walked up to him and yelled at him to get up. I hit him on the chest a couple times telling him to get up, and he laid there ignoring me. The officer kept repeating my request, and I left the room for him to get dressed," establishes defendant's failure to deny Mrs. Martinez' statement that "I am getting you for statutory rape." We disagree. Mrs. Martinez' testimony only shows that defendant ignored her demands that he get out of the complainant's bed. But, because the implied admission would only act to refute evidence of a reasonable belief of age defense, and defendant did not produce any evidence raising that defense, any error was harmless beyond a reasonable doubt.

Defendant next contends that this court should exercise its powers under Supreme Court Rule 615(b)(3) (107 Ill. 2d R. 615(b)) to reduce his conviction for aggravated criminal sexual abuse to criminal sexual abuse, a Class A misdemeanor. The State responds that defendant has waived this issue because neither the State nor defendant offered an instruction on the lesser included offense of criminal sexual abuse at trial for consideration by the jury.

■■■ ■ A lesser included offense is one which includes all elements of a greater offense so that it would be impossible to commit the greater offense without committing the lesser offense. (*People v. Delk* (1976), 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197.) Criminal sexual abuse and aggravated criminal sexual abuse under sections 12—15(b)(1) and 12—16(d) of the Criminal Code of 1961, respectively, both require the State to prove an act of sexual penetration with a victim who is at least 13, but is under 16 years of age. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—15(b)(1), 12—16(d).) Section 12—16(d), the greater offense, also requires that the State show that the accused is at least five years older than the victim. (Ill. Rev. Stat. 1985, ch. 38,

par. 12—16(d).) Thus, to establish aggravated criminal sexual abuse, the State must prove that the accused is at least 18 years of age (see, *e.g.*, Ill. Rev. Stat. 1985, ch. 38, par. 12—16(d)), which will also necessarily show the remaining element of proof under section 12—15(b)(1), that the accused was at least 17 years of age (see Ill. Rev. Stat. 1985, ch. 38, par. 12—15(b)(1)). Because proof of aggravated criminal sexual abuse will also prove all elements of criminal sexual abuse, we conclude that criminal sexual abuse is a lesser included offense of aggravated criminal sexual abuse.

██ Where the evidence only supports the conclusion that the defendant, if guilty at all, is guilty of the crime charged, it is error to instruct the jury on a lesser included offense. (*People v. Lockett* (1980), 82 Ill. 2d 546, 551, 413 N.E.2d 378; *People v. Coleman* (1987), 166 Ill. App. 3d 242, 248, 520 N.E.2d 55.) Here, while the State proved that defendant was at least five years older than the complainant, as required for the greater offense (see, *e.g.*, Ill. Rev. Stat. 1985, ch. 38, par. 12—16(d)), there was no evidence which would have enabled a jury to conclude that defendant was less than five years older than the complainant so as to implicate the lesser offense.

██ In requesting this court to reduce his conviction to criminal sexual abuse, defendant relies solely on *People v. Plewka* (1975), 27 Ill. App. 3d 553, 327 N.E.2d 457, which is distinguishable. In *Plewka,* the defendant was convicted, after a bench trial, of indecent liberties with a child and contributing to the sexual delinquency of a child. (See Ill. Rev. Stat. 1969, ch. 38, pars. 11—4, 11—5.) Reasonable belief of age was an affirmative defense to indecent liberties (Ill. Rev. Stat. 1969, ch. 38, par. 11—4(b)(1)) but not to contributing to sexual delinquency (Ill. Rev. Stat. 1969, ch. 38, par. 11—5(b)). The trial court found that the defendant's statement that he thought the complainant was 16 or 17 was sufficient to raise the affirmative defense of reasonable belief of age but found, as a matter of fact, that defendant's belief was unreasonable. (*Plewka,* 27 Ill. App. 3d at 557-58.) On appeal, the court reduced the defendant's conviction from indecent liberties to contributing to the sexual delinquency of a child, noting that the intent of the indecent liberties statute was "to protect innocent children from the sexual advances of older persons who have a dangerous propensity to victimize the immature." (*Plewka,* 27 Ill. App. 3d at 559.) The court stated:

"With this purpose in mind, affirmative defenses were provided for a person accused of violating this section [Ill. Rev. Stat. 1969, ch. 38, par. 11—4], among them that of reasonable belief that the victim was of the age of 16 or upwards. This is the

only section of the chapter dealing with sex offenses where affirmative defenses are provided. Mistaken knowledge of age is no defense to any other sex crime. The drafting committee felt that subjecting a person who makes a reasonable mistake as to whether a girl is 15 or 16 to felony penalties is 'unduly harsh,' and that such a person could be prosecuted under section 11—5 of the Criminal Code—contributing to the sexual delinquency of a child, where knowledge of age is no defense." (*Plewka*, 27 Ill. App. 3d at 558.)

We cannot conclude that the legislature intended the same result here because the defense of a a reasonable belief of age applies equally to criminal sexual abuse involving sexual penetration. (See Ill. Rev. Stat. 1985, ch. 38, pars. 12—15(b), 12—17(b).) We decline, therefore, to find that reasonable belief that the victim was 16 years of age or over provides a basis to reduce a conviction for aggravated criminal abuse under section 12—16(d) of the Criminal Code of 1961 to criminal sexual abuse under section 12—15(b) of that code. It is also apparent that in *Plewka*, unlike this case, there was some evidence that the defendant believed the victim was 16 years of age or older. *Plewka*, 27 Ill. App. 3d at 557.

■■ Defendant also contends that his 17-year sentence of imprisonment was an abuse of discretion. He argues that a punitive sentence was not warranted in light of the complainant's sexual maturity and the fact that she was just 23 days short of the statutory age of consent. The trial judge's decision regarding sentencing is entitled to great deference and weight, and a reviewing court will not alter it absent an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153-54, 368 N.E.2d 882.) In light of defendant's criminal history, we cannot conclude that the trial court abused its discretion when sentencing defendant. Although only 23 years old at the time of the present offense, he had at this young age already accumulated a lengthy criminal record consisting of four prior felony and numerous misdemeanor convictions.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

REINHARD and WOODWARD, JJ., concur.