Jimmie BROWN, Petitioner–Appellant,

v.

Kenneth McGINNIS * and Michael V. Neal, Respondents–Appellees.

No. 90–2049.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 14, 1990.

Decided Jan. 15, 1991.

* Kenneth McGinnis is substituted for Michael Lane pursuant to Fed.R.App.P. 43(c).

Steven E. Wiltgen, Office of the State Appellate Defender, Second Judicial Dist., Elgin, Ill., for petitioner-appellant.

Nathan P. Maddox, Douglas K. Smith, Asst. Attys. Gen., Crim. Appeals Div., Springfield, Ill., for respondents-appellees.

Before CUDAHY, RIPPLE, and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Petitioner-appellant, Jimmie Brown, appeals from the order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Brown alleges that he was deprived of his sixth amendment right to the effective assistance of counsel at trial. We affirm.

## I

On December 16, 1986, Jimmie Brown was convicted after a jury trial in the Circuit Court of Lake County, Illinois, of aggravated criminal sexual abuse. Ill.Rev. Stat. ch. 38, para. 12–16(d) (1985).[1] At trial, the state presented evidence that Mr. Brown had had sexual intercourse with DeAnn Martinez on October 22, 1986, that Miss Martinez was under sixteen years of age at the time, and that Mr. Brown was more than five years older than Miss Martinez. It is a defense to criminal sexual abuse that the accused reasonably believed the person to be sixteen years old or older. *Id.* at para. 12–17(b).

At trial, the state called Miss Martinez, who testified that she was born on November 15, 1970, had known Mr. Brown for eight or nine years, and began dating him on November 14, 1985, the day before her fifteenth birthday. The prosecutor asked Miss Martinez whether Mr. Brown knew her age:

Q. Did you ever tell him how old you were?

A. After he asked how old I was going to be on my birthday.

Q. What birthday was that?

A. My fifteenth.

Q. Back in November of 1986 [sic] you told him?

A. Yes.

Q. Was this before or after your fifteenth birthday?

A. Before.

Q. You told him you were going to be fifteen?

A. Yes.

On cross-examination, defense counsel further pursued the questioning about whether Mr. Brown knew her age:

Q. Do you remember in November of 1985 when you had a conversation about your age?

A. Yes.

Q. Do you remember whether the conversation was before or after your birthday?

A. Before, and we had one before and after.

Q. And that was when you told him you were fifteen.

A. Yes.

Q. Is it possible you told him you were fifteen before your birthday?

A. It was just one day before my birthday.

Q. In that conversation one day before your birthday?

A. Yes.

Q. In that conversation is it possible you told him you were fifteen at that time?

A. Yes.

Later during cross-examination, defense counsel again returned to the question of Mr. Brown's knowledge of her age:

---

1. The statute provides:
   The accused commits aggravated criminal sexual abuse if he or she commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 16 years of age and the accused was at least 5 years older than the victim.
   Ill.Rev.Stat. ch. 38, para. 12–16(d) (1985).

Q. I am saying now before you turned sixteen did Jimmie ever indicate to you he thought you were already sixteen?
A. Yes.
Q. Do you recall when that was?
A. I think that was just like right after my fifteenth birthday.
Q. All right. Do you have any idea how he came to believe you were over fifteen; in other words, already sixteen?

.        .        .        .        .

A. I don't know.

Defense counsel sought a directed verdict, which was denied. Defense counsel then rested without putting on any evidence.

At the jury instruction conference, defense counsel tendered an instruction discussing the defense of reasonable belief as to the victim's age. The court refused to give the instruction because it felt that Miss Martinez's testimony during the state's case-in-chief did not raise the issue of whether Mr. Brown reasonably believed her to be sixteen years old or older. *See People v. Brown*, 171 Ill.App.3d 391, 398, 121 Ill.Dec. 518, 522, 525 N.E.2d 576, 580, *appeal denied*, 122 Ill.2d 580, 125 Ill.Dec. 223, 530 N.E.2d 251 (1988). The court noted that an affirmative defense may not generally be raised on cross-examination and that counsel had the obligation to present some evidence to support such an instruction, but had not put on any case. *See id.* Defense counsel did not move to reopen the case so that he could introduce evidence to raise the defense. Instead counsel argued the defense in closing. The jury returned a verdict of guilty.

Before Mr. Brown was sentenced, Miss Martinez contacted the state's attorney's office and told them that she had lied at trial and that she wanted to change her story. Miss Martinez told them that she did not tell Mr. Brown she was fifteen and not sixteen until after they had intercourse. Soon after contacting the state's attorney, Miss Martinez wrote a letter to Mr. Brown in which she told him what she had told the state's attorney; however, Miss Martinez's recall of what she had told the state's attorney was slightly at variance with what she told Mr. Brown she told them. The inconsistency became apparent at a hearing the trial court held after the state's attorney advised the court that Miss Martinez had contacted them. Once on the stand, Miss Martinez began to tell yet a third, slightly different version. The judge warned her about the penalty for perjury, and recessed so that the state's attorney and the public defender could advise her about the risk of proceeding. The hearing then resumed, and on cross-examination, Miss Martinez admitted that the post-trial story she told the state's attorney was a lie and reaffirmed the truth of her trial testimony. The court then sentenced Mr. Brown to seventeen years in prison.

Mr. Brown filed a direct appeal in the Appellate Court of Illinois. He argued, *inter alia*, that counsel was ineffective in failing to seek to reopen the case so as to recall Miss Martinez after the trial court refused the instruction. The appellate court concluded that the decision was a tactical one that did not give rise to a claim of ineffective assistance [2] and affirmed the conviction. *See Brown*, 171 Ill.App.3d 391, 121 Ill.Dec. 518, 525 N.E.2d 576. The Illinois Supreme Court denied Mr. Brown leave to appeal. *See People v. Brown*, 122 Ill.2d 580, 125 Ill.Dec. 223, 530 N.E.2d 251

---

2. The appellate court explained:

We consider that counsel's decision was a matter of trial strategy. On cross-examination of the complainant, she had stated that defendant told her shortly after her fifteenth birthday that he thought she was 16. While she testified that it was possible she told defendant the day before her fifteenth birthday in November 1985 that she was 15 (but not that her birthday was the next day), this is not evidence that defendant believed the complainant was 16 the following October. Fur-

thermore, while the complainant stated that right after her fifteenth birthday, defendant told her that he thought she was 16, she also stated that she did not know the basis for defendant's belief. In light of the complainant's testimony, defense counsel could have reasonably concluded that recalling the complainant would do nothing to show that defendant reasonably believed that the complainant was 16 in October 1986.
*Brown*, 171 Ill.App.3d at 400, 121 Ill.Dec. at 523–24, 525 N.E.2d at 581–82.

(1988). Mr. Brown then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he argued ineffective assistance of counsel. The district court denied the writ, concluding that Brown had failed to show either cause or prejudice. Mr. Brown timely appeals from the order of the district court.

## II

### A.

■ Mr. Brown argues that counsel was ineffective in failing to move to reopen the case and to recall Miss Martinez after the court refused the instruction. "In reviewing a claim of ineffective assistance of counsel, we look to the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance." *United States v. Muehlbauer*, 892 F.2d 664, 668 (7th Cir.1990). To prevail, Mr. Brown must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficiencies prejudiced him in that there is a reasonable probability that the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "It is not necessary to determine in every case whether counsel's conduct was deficient; if the result would have been the same regardless of counsel's conduct, then there has been no denial of the sixth amendment right to effective assistance of counsel." *United States v. Weaver*, 882 F.2d 1128, 1136 (7th Cir.), *cert. denied*, ⸺ U.S. ⸺, 110 S.Ct. 415, 107 L.Ed.2d 380 (1989). Therefore, we first address the prejudice component since we find it dispositive.

### B.

■ Mr. Brown has failed to establish that counsel's failure to recall Miss Martinez prejudiced him in that the result of the trial would have been different. This case is analogous to those cases in which a defendant alleges that counsel was ineffective for failing to call a favorable witness. *See, e.g., Sullivan v. Fairman*, 819 F.2d 1382 (7th Cir.1987); *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008 (7th Cir.1987). In these cases, we have held that, to show prejudice, the defendant must make a comprehensive showing of what the potential witness' testimony would have been and how it would have produced a different result. *See Sullivan*, 819 F.2d at 1392 (quoting *Cross*, 811 F.2d at 1016). This information should generally be presented to the habeas court in the form of actual testimony by the witness or an affidavit. *See id.*

Here we have Miss Martinez's sworn statements at the post-trial hearing admitting that the story she told the state's attorney was a lie and reaffirming the truth of her trial testimony. The trial court, by denying the motion for a new trial, implicitly found that Miss Martinez's sworn testimony at the hearing and at trial was consistent and not perjured. We must accord a presumption of correctness to the state court's findings of fact. 28 U.S.C. § 2254(d); *see Sumner v. Mata*, 449 U.S. 539, 544–47, 101 S.Ct. 764, 767–69, 66 L.Ed.2d 722 (1981). The state trial court's findings were fairly supported by the record. Miss Martinez's statements to the state's attorney and in the letter to Mr. Brown were not made under oath and were clearly not reliable as her story changed with each retelling. The trial court, having heard her testify and observed her demeanor, was in the best position to judge the credibility of her statements. There is no basis to question the state court's findings regarding the reliability of Miss Martinez's sworn testimony.

Miss Martinez testified that she lied to the state's attorney to try to get Mr. Brown out of jail. She also stated that she told Mr. Brown those lies so that their stories would be the same. She affirmed the truth of her trial testimony and stated that Mr. Brown knew she was fifteen before they had intercourse. Had counsel put Miss Martinez on the stand, her testimony could only have been damaging to Mr. Brown's defense. We cannot conclude that there is a reasonable probability that, had counsel recalled Miss Martinez, the court would have given the instruction and

that the result of the trial would have been different.

Conclusion

Because Mr. Brown cannot show prejudice, the judgment of the district court is affirmed.

AFFIRMED.