956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael SEWELL, Petitioner-Appellant,
v.
Howard PETERS, III, and Roland W. Burris*,
Respondents-Appellees.
 No. 90-2550.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 3, 1992.**
Decided March 5, 1992.
 
 Appeal from the United States District Court for the Central District of Illinois, Danville Division, No. 89-C-2304, Harold A. Baker, Judge.
 
 
 1
 C.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Michael Sewell brought this petition under 28 U.S.C. § 2254 to challenge his 1986 conviction for home invasion following a bench trial. He set forth four grounds for relief: (1) the evidence was insufficient to establish that he knew the apartment was occupied upon his entry; (2) the trial judge erred in making the time of day that he entered the apartment the conclusive circumstance from which to infer his knowledge; (3) the testimony of the victim's neighbor that he peered into the bedroom window of the apartment was impeached by omission; and, (4) the trial judge erred in failing to consider evidence that he noisily entered and searched the apartment as proof that he was unprepared to encounter its occupant. The district court denied the petition, and Sewell appealed.
 
 
 4
 Sewell confines this appeal to his third ground for relief. Sewell argues that the neighbor's eyewitness testimony that Sewell looked into the bedroom window of the apartment was insufficient to establish Sewell's knowledge that a person was inside because the neighbor failed to report that fact to the police. This argument has no merit. The district court was bound by the general rule in cases brought under 28 U.S.C. § 2254 prohibiting federal review of credibility determinations. See Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1119 (7th Cir.1991). As the district court noted, the trial judge was in the best position to listen to and observe the neighbor, weigh his credibility, and decide if his testimony had been sufficiently impeached to make it unreliable. E.g. Chichakly v. United States, 926 F.2d 624, 632 (7th Cir.1991). The trial judge was not required to make an explicit finding as to the neighbor's credibility, see Jones v. DeRobertis, 766 F.2d 270, 273 (7th Cir.1985), cert. denied, 475 U.S. 1053 (1986), and he did not do so. Such a finding was nonetheless implicit in the trial judge's determination of Sewell's guilt. See Brown v. McGuinnis, 922 F.2d 425, 428 (7th Cir.1991). The district court properly deferred to this finding, 28 U.S.C. § 2254(d); Marshall v. Lonberger, 459 U.S. 422, 434-35 (1983), as it had adequate support in the record when viewed in a light most favorable to the state, see Jackson v. Virginia, 443 U.S. 307, 319 (1979), and we do the same.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Pursuant to Fed.R.App.P. 43(c)(1), Roland W. Burris has been substituted for Neil F. Hartigan
 
 
 **
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record