THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MORRIS E. CARTER III, Defendant-Appellant.

First District (6th Division)    No. 1—07—2872

Opinion filed March 13, 2009.

Patricia Unsinn and John Koltse, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Samuel Shim, and Cristin Duffy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McBRIDE delivered the opinion of the court:

Following a jury trial, defendant Morris E. Carter III, who appeared *pro se* at trial, was convicted for possession with intent to deliver more than 100 grams, but less than 400 grams of cocaine and possession with intent to deliver more than 500 grams, but less than 2,000 grams of cannabis. The trial court subsequently sentenced him to concurrent terms of 12 years' imprisonment on the cocaine conviction and 6 years for the cannabis conviction.

Defendant appeals, arguing that he was denied a fair jury trial because the trial court gave the jury an improper pattern instruction about the verdict forms, refused to answer the jury's question about its confusion over the verdict forms, and accepted multiple and conflicting verdicts for the offenses when only one verdict should have been entered.

In November 2005, defendant was charged with (1) possession with intent to deliver more than 100 grams, but less than 400 grams of a substance containing cocaine; (2) two counts of possession with intent to deliver more than 15 grams, but less than 100 grams of a substance containing cocaine; (3) possession of more than 100 grams, but less than 400 grams of a substance containing cocaine; (4) possession with intent to deliver more than 500 grams, but less than 2,000 grams of a substance containing cannabis; and (5) possession of more than 500 grams, but less than 2,000 grams of a substance containing cannabis.

Initially, defendant was appointed a public defender, but later, defendant opted to represent himself *pro se*. The trial court admonished defendant pursuant to Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)) and warned him about the disadvantages of representing himself. Defendant told the court that he still wished to represent himself and he had not been promised anything or threatened to give up his right to counsel. The court warned him that he would not appoint a lawyer for defendant to consult with at trial.

Prior to trial, defendant filed several motions with the trial court, including motions to suppress evidence found pursuant to a search warrant, to suppress his statements and to quash the search warrant. The trial court considered each motion, but all were denied.

The following evidence was admitted at defendant's August 2007 jury trial.

At around 9:30 a.m. on November 11, 2005, Sergeant James Burdett and Detective Paul Lanzi with the Major Case Assistance Team (MCAT) obtained a search warrant for defendant's apartment at 8516 West 47th Street, Apartment 8 in Lyons, Illinois. The MCAT officers then went to defendant's apartment to execute the search warrant. Detective Lanzi knocked and announced the police presence several times, but there was no response. The officers used a battering ram to force open defendant's door, which was heavily fortified.

Defendant and a woman named Erin Spromack were in the living room of the apartment. The officers checked to make sure there were no other people in the apartment. Then, Officer Joseph DiGangi of the K-9 unit and his dog, Dago, performed a systematic search of defendant's apartment for drugs and items that had been in contact with drugs. Dago alerted the officers to several locations in defendant's living room, kitchen and bedroom. Sergeant Burdett and Officer Lanzi followed up on the K-9 search and recovered many items throughout the apartment. They found cocaine, cannabis, and a large amount of United States currency hidden in various places around defendant's apartment. Specifically, the officers recovered 60.2 grams of a

substance containing cocaine from a sandwich box found in a kitchen cabinet, 52.4 grams of a substance containing cocaine from a white robe hanging in a closet, and over 600 grams of cannabis in a duffel bag in the bedroom. They also found a digital scale with white powder residue, which is typically used by drug dealers to weigh out amounts of narcotics, plastic bags, and other drug paraphernalia. In a closet, the officers found a white Sentry safe. They also found defendant's lease with his name listed as the lessee of the apartment.

The recovered cocaine and cannabis were inventoried and sent to the Illinois State Police crime lab. The suspected cocaine tested positive for 112.6 grams of cocaine. The suspected cannabis tested positive for 640 grams of cannabis. The officers also found over $10,000 in various locations in defendant's apartment.

Following the search, defendant was arrested and taken to the Brookfield police department. Detective Lanzi advised defendant of his *Miranda* rights and had defendant initial a form that he understood each of those rights. Defendant waived his rights and agreed to give a statement to the officers. Defendant was questioned by Detective Lanzi with Sergeant Burdett present as a witness.

Defendant admitted that he started selling cannabis in 2002 after he lost his commercial driver's license and his job as a semi-truck driver. He told the officers that he started selling cannabis to his friends and then later added cocaine. He mostly sells powder cocaine, but he said he would "cook up some rock cocaine for [his] friends that want it." Defendant stated that he kept the money and drugs in various places around his apartment, including a pound and a half of cannabis in a bag in his bedroom and about an ounce and a half of cocaine in a white robe. Defendant admitted he had scales in the apartment and explained that he used them to weigh the drugs for his customers. After giving his oral statement, defendant agreed to give a written statement. Sergeant Burdett prepared a written statement that summarized defendant's oral statement. Defendant reviewed the statement with Sergeant Burdett and was able to make any necessary revisions. The third page of the statement contained defendant's signature.

Defendant also gave the officers the combination to the Sentry safe that was in his closet. He admitted to having a safety deposit box at a Citibank branch in Brookfield and it contained money made from selling drugs. He told the officers that the key to the safe deposit box was on his kitchen counter. Defendant signed a consent to search form for his apartment.

The officers returned to defendant's apartment to get the key and the safe. The police officers opened the safe and found gift cards, travelers checks and over $2,000 in cash.

The next day, defendant signed a consent to search form for his safety deposit box. The officers went to a Citibank branch and entered the vault with bank personnel. They found defendant's box. They placed it in a room filled with other safety deposit boxes and then brought in Officer DiGangi and his dog. The dog searched the room and alerted the officers to defendant's box. The officers opened defendant's safety deposit box and found $2,700 inside the box.

When it was defendant's turn to present his case, he attempted to call Erin Spromack to testify, but she failed to appear in court. Defendant indicated that he wished to testify, but then changed his mind. Defendant rested without putting on any evidence. During closing arguments, defendant admitting possessing the drugs, but claimed he and some friends bought a large amount of drugs together for personal use. He denied selling or delivering drugs to anyone.

During the jury instruction conference, the trial court indicated that it was going to give Illinois Pattern Jury Instructions, Criminal, No. 26.01 (4th ed. 2000) (hereinafter IPI Criminal 4th No. 26.01). IPI Criminal 4th No. 26.01 is a concluding instruction relating to verdict forms. Defendant objected to this instruction because he was "never charged with a delivery, never arrested for delivery." The trial court considered the arguments and decided to give the instruction. When given to the jury, this instruction stated that the jury would "receive 12 forms of verdict," and, "[f]rom these 12 verdict forms you should select the one verdict form that reflects your verdict." The court further instructed it to "sign only one verdict form."

Immediately after being sent to deliberate, the jury sent out a question. It asked, "Can Carter be guilty for under 100 grams and over 100 grams using the same evidence?" After conferring with the parties, the trial court's response to the jury was, "You are to consider the evidence and the written instructions and continue to deliberate."

Following deliberations, the jury found defendant guilty of possession with intent to deliver more than 100 grams, but less than 400 grams of a substance containing cocaine and possession of cannabis with intent to deliver more than 500 grams, but less than 2,000 grams as well as the offenses of simple possession for each charge. However, the jury found defendant not guilty of the lesser included offense of possession with intent to deliver more than 15 grams, but less than 100 grams of a substance containing cocaine.

Defendant filed two posttrial motions, which the trial court denied. At sentencing, the trial court heard arguments in aggravation and mitigation from the parties. The court sentenced defendant to concurrent terms of 12 years on his conviction for possession with intent to deliver more than 100 grams, but less than 400 grams of cocaine and 6

years for his conviction of possession with intent to deliver more than 500 grams, but less than 2,000 grams of cannabis. The simple possession convictions merged with the possession with intent to deliver convictions.

This appeal followed.

On appeal, defendant argues that the trial court deprived him of a fair trial when it improperly instructed the jury on verdict forms by giving IPI Criminal 4th No. 26.01. The trial court compounded this error by refusing to answer the jury's question when it expressed confusion over the verdict forms and then accepted multiple and conflicting verdicts when there should have been only one verdict for each of the charged offenses. The State asserts that defendant forfeited this issue by failing to raise it in his posttrial motion, and in the alternative, the State contends that any error by the trial court was harmless.

"Generally, a defendant forfeits review of any putative jury instruction error if the defendant does not object to the instruction or offer an alternative instruction at trial and does not raise the instruction issue in a posttrial motion." *People v. Herron*, 215 Ill. 2d 167, 175 (2005). However, defendant asks this court to review this issue as plain error. Supreme Court Rule 615(a) states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a). "Under the plain error rule, issues not properly preserved may be considered by a reviewing court under two limited circumstances: (1) where the evidence is closely balanced, so as to preclude argument that an innocent person was wrongfully convicted; or (2) where the alleged error is so substantial that it affected the fundamental fairness of the proceeding and remedying the error is necessary to preserve the integrity of the judicial process." *People v. Hall*, 194 Ill. 2d 305, 335 (2000).

Further, Supreme Court Rule 451(c) "provides that 'substantial defects' in criminal jury instructions 'are not waived by failure to make timely objections thereto if the interests of justice require.' " *Herron*, 215 Ill. 2d at 175, quoting 177 Ill. 2d R. 451(c). "Rule 451(c) crafts a limited exception to the general rule to correct 'grave errors' and errors in cases 'so factually close that fundamental fairness requires that the jury be properly instructed.' " *Herron*, 215 Ill. 2d at 175, quoting *People v. Hopp*, 209 Ill. 2d 1, 7 (2004). "Rule 451(c) is coextensive with the 'plain error' clause of Supreme Court Rule 615(a), and we construe these rules 'identically.' " *Herron*, 215 Ill. 2d at 175, quoting *People v. Armstrong*, 183 Ill. 2d 130, 151 n.3 (1998).

The State contends that any error by the trial court is not plain

error, but instead amounts only to harmless error. "Though plain-error analysis normally requires the same kind of inquiry as does harmless-error review, there is an 'important difference' between the two." *People v. Thurow*, 203 Ill. 2d 352, 363 (2003), quoting *United States v. Olano*, 507 U.S. 725, 734, 123 L. Ed. 2d 508, 520, 113 S. Ct. 1770, 1778 (1993). In considering harmless error, the defendant would have made a timely objection and preserved the error and, thus, it is the State that carries the burden of proving beyond a reasonable doubt that the jury verdict would have been the same absent the error. *Thurow*, 203 Ill. 2d at 363. Additionally, a reviewing court "may invoke the harmless error doctrine to dispose of claims of error that have a *de minimus* impact on the outcome of the case." *People v. Blue*, 189 Ill. 2d 99, 138 (2000). In contrast, a plain error analysis arises when the defendant has failed to object to the error and now carries the burden of persuasion. *Thurow*, 203 Ill. 2d at 363. " 'In most cases, a court of appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial.' " *Thurow*, 203 Ill. 2d at 363, quoting *Olano*, 507 U.S. at 734, 123 L. Ed. 2d at 520, 113 S. Ct. at 1778.

In the present case, defendant did not make a timely objection so it is the defendant's burden to show that the instruction error was prejudicial. In his argument, defendant relies on the second prong of the plain error analysis, asserting that "the trial court did not allow the jury the opportunity to follow the procedures and standards appropriate for a criminal trial when it denied the jury the applicable law it needed to reach a legally valid verdict." We agree that defendant cannot succeed under the first prong as the evidence in this case was not closely balanced. Thus, "the question is whether a 'grave error' has been committed or, stated another way, whether an error of such gravity or magnitude has occurred that the fundamental fairness of defendant's trial has been severely threatened." *People v. Durr*, 215 Ill. 2d 283, 298 (2005).

"The function of jury instructions is to convey to the jury the law that applies to the evidence presented." *Herron*, 215 Ill. 2d at 187. "Jury instructions should not be misleading or confusing [citation], but their correctness depends upon not whether defense counsel can imagine a problematic meaning, but whether ordinary persons acting as jurors would fail to understand them [citation]." *Herron*, 215 Ill. 2d at 187-88. We recognize that the supreme court has held that "a jury instruction error rises to the level of plain error only when it 'creates a serious risk that the jurors incorrectly convicted the defendant because they did not understand the applicable law, so as to severely threaten the fairness of the trial.' " *Herron*, 215 Ill. 2d at 193, quoting *People v. Hopp*, 209 Ill. 2d 1, 8 (2004).

In *People v. Ogunsola*, 87 Ill. 2d 216 (1981), the supreme court considered whether the trial court had erred when it gave the jury an instruction that incorrectly defined the offense of deceptive practices by omitting an essential element of the offense. In that case, the defendant was charged with deceptive practices under $150 after he paid for his car repairs with a check that the funds in his account would not cover and on which he intended to stop payment. When instructing the jury, the trial court failed to include the phrase, "with intent to defraud," in the offense's definition. The supreme court found that the intent to defraud is an essential element of deceptive practices and is a specific mental state, different from the knowing mental state. *Ogunsola*, 87 Ill. 2d at 221. Though the defendant did not preserve the error, the supreme court reviewed it under the plain error doctrine to ensure the fundamental fairness of the defendant's trial. "Fundamental fairness includes, among other things, seeing to it that certain basic instructions, essential to a fair determination of the case by the jury, are given." *Ogunsola*, 87 Ill. 2d at 222. The *Ogunsola* court noted that instructions defining the elements of the offense are included among these basic instructions and the failure to inform the jury of the elements "has been held to be error so grave and fundamental that the waiver rule should not apply." *Ogunsola*, 87 Ill. 2d at 222. The court concluded that it could not say that "a properly instructed jury might not have acquitted the defendant, based on a lack of proof beyond a reasonable doubt that he intended to defraud" the victim. *Ogunsola*, 87 Ill. 2d at 223.

Here, the trial court read the following instruction to the jury, which tracked IPI Criminal 4th No. 26.01.

"When you retire to the jury room, you first will elect one of your members as your foreperson. He or she will preside during your deliberations on your verdict.

Your agreement on a verdict must be unanimous. Your verdict must be in writing and signed by all of you, including your foreperson.

The defendant is charged with the offenses of possession of a controlled substance with the intent to deliver 100 or more—100 grams or more, but not less [*sic*] than 400 grams of a substance containing cocaine; possession of a controlled substance with the intent to deliver 15 grams or more, but less than 100 grams of a substance containing cocaine; possession of a controlled substance with the intent to deliver 15 grams or more, but less than 100 grams of a substance containing cocaine; possession of a controlled substance of 100 grams or more, but less than 400 grams of a substance containing cocaine; possession of cannabis with the intent to deliver more than 500 grams, but less than 2,000 grams;

and possession of cannabis, more than 400 grams [sic] but not more than 2,000 grams.

You will receive 12 forms of verdict, you will be provided with both a not guilty and a guilty form of verdict. From these 12 verdict forms you should select the one verdict form that reflects your verdict and sign it, as I have stated. Do not write on the other verdict forms, sign only one verdict form."

We note that the oral version of the instruction had two misstatements, but the written version given to the jury was correct. The trial court then read from the verdict forms it was providing for the jury. The 12 forms included a not guilty and a guilty form for each of the six charges. Defendant argues that this was the incorrect concluding instruction and the jury should have been instructed under IPI Criminal 4th No. 26.01R.

We agree. The title and the committee note to IPI Criminal 4th No. 26.01 make clear that this instruction should not be used when the jury is being instructed on a lesser included offense. IPI Criminal 4th No. 26.01. The full title for IPI Criminal 4th No. 26.01 includes the language, "Jury Is Not To Be Instructed On A Lesser Included Offense." Similarly, the committee note for IPI Criminal 4th No. 26.01 provides:

"This instruction should *not* be used under any of the following circumstances: (1) the jury is to be instructed on a lesser offense ***.

*** Do not use this instruction, however, if the jury is to be instructed on a lesser included offense; instead, use one of the instructions from Part III of the 26.01 series." (Emphasis in original.) IPI Criminal 4th No. 26.01, Committee Note, at 364.

In the instant case, the jury was being asked to consider the lesser included offenses of possession for both the cocaine and cannabis charges as well as possession with intent to deliver a smaller amount of cocaine than the greater offense of possession with intent to deliver more than 100 grams, but less than 400 grams of a substance containing cocaine. As defendant points out, the proper concluding instruction was IPI Criminal 4th No. 26.01R, which states:

"26.01R Concluding Instruction—Jury Is To Be Instructed On One Or More Charges Including Lesser Offenses ***

When you retire to the jury room you first will elect one of your members as your foreperson. He or she will preside during your deliberations on your verdict.

Your agreement on a verdict must be unanimous. Your verdict must be in writing and signed by all of you, including your foreperson.

[1] The defendant[s] ((is) (are)][also] charged with the offense of

_____ [greater offense]. Under the law, a person charged with _____ [greater offense] may be found (1) not guilty of _____ [greater offense] and not guilty of _____ [lesser offense]; or (2) guilty of _____ [greater offense]; or (3) guilty of _____ [lesser offense].

[2] Accordingly, you will be provided with three verdict forms [as to each defendant] pertaining to the charge of _____ [greater offense]: 'not guilty of _____ [greater offense] and not guilty of _____ [lesser offense],' 'guilty of _____ [greater offense],' and 'guilty of _____ [lesser offense].'

[3] From these three verdict forms, you should select the one verdict form that reflects your verdict [as to each defendant] and sign it as I have stated. Do not write on the other two verdict forms [as to that defendant]. Sign only one of these verdict forms [as to that defendant]. Sign only one of these verdict forms [as to each defendant].

[4] If you find the State has proved the defendant guilty of both _____ [greater offense] and _____ [lesser offense], you should select the verdict form finding the defendant guilty of _____ [greater offense] and sign it as I have stated. Under these circumstances, do not sign verdict form finding the defendant guilty of _____ [lesser offense].

\*\*\*

[6] The defendant[s] [(is) (are)] also charged with the offense of _____. You will receive two forms of verdict [as to each defendant] as to this charge. You will be provided with both a 'not guilty of _____' and a 'guilty of _____' form of verdict [as to each defendant].

[7] From these two verdict forms, you should select the one verdict form that reflects your verdict [as to each defendant] pertaining to the charge of _____ and sign it as I have stated. You should not write at all on the other verdict form pertaining to the charge of _____ ." IPI Criminal 4th No. 26.01R.

This instruction makes clear to the jury how to use the verdict forms when considering lesser included offenses. A lesser included offense is "one which includes all elements of a greater offense so that it would be impossible to commit the greater offense without committing the lesser offense." *People v. Brown*, 171 Ill. App. 3d 391, 401 (1988). "The purpose of an instruction on a lesser offense is to provide 'an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charged offense has been proved, might otherwise convict rather than acquit the defendant of the greater offense.' " *People v. Hamilton*, 179 Ill. 2d 319, 323-24 (1997), quoting *People v. Bryant*, 113 Ill. 2d 497, 502 (1986), citing

*Keeble v. United States,* 412 U.S. 205, 212-13, 36 L. Ed. 2d 844, 850, 93 S. Ct. 1993, 1997-98 (1973). Here, the jury was instructed on the elements of the lesser included offenses, but was not told how to render a verdict when considering both a greater and lesser offense. Instead, the jury received a misleading instruction that it would "receive 12 verdict forms" and it "should select the one verdict form that reflects [its] verdict." The given instruction was especially confusing because defendant was charged with two different types of offenses—one involving cocaine and one involving cannabis. One verdict would not be a proper finding on these charges.

Further, as IPI Criminal 4th No. 26.01R makes clear, the jury should not have received two verdict forms, a guilty and not guilty, for each of the greater and lesser included offenses. Rather, the jury should have received one not guilty form for all related charges and then individual guilty forms for the greater offense and each of the lesser included offenses.

The State responds that any error by the trial court was harmless because the jury was instructed about lesser included offenses by IPI Criminal 4th No. 2.01R. IPI Criminal 4th No. 2.01R details the charges against the defendant and is to be given whenever "the jury is to be instructed on *one or more charges which include a lesser* offense." (Emphasis in original.) IPI Criminal 4th No. 2.01R, Committee Note, at 52. Here, the trial court instructed the jury according to IPI Criminal 4th No. 2.01R as follows.

> "The defendant is charged with the offense of possession of controlled substance with the intent to deliver 100 grams or more, but less than 400 grams of a substance containing cocaine. The defendant has pleaded not guilty. Under the law, a person charged with possession of a controlled substance with the intent to deliver 100 grams or more, but less than 400 grams of a substance containing cocaine may be found not guilty or guilty of possession of controlled substance with the intent to deliver 100 grams or more, but less than 400 grams of a substance containing cocaine, or guilty of possession with intent to deliver 15 grams or more, but less than 100 grams of a substance containing cocaine, or guilty of possession of more than 100 grams, but less than 400 grams of a substance containing cocaine, or guilty of possession of 15 grams, but less than 100 grams of a substance containing cocaine.
>
> The defendant is also charged with the offense of possession of cannabis with the intent to deliver more than 500 grams, but not more than 2,000 grams. The defendant has pleaded not guilty. Under the law, a person charged with possession of cannabis with the intent to deliver more than 500 grams, but less than 2,000 grams may be found not guilty, or guilty of possession of cannabis

with the intent to deliver more than 500 grams, but less than 2,000 grams, or guilty of possession of cannabis, more than 500 grams, but less than 2,000 grams."

The State asserts that this instruction informed the jury about the lesser included offenses and the instructions as a whole "fairly, fully, and comprehensively informed the jury of the necessary legal principles." We disagree with the State's argument for two reasons. First, the committee note for IPI Criminal 4th No. 2.01R limits its use in conjunction only with IPI Criminal 4th No. 26.01R. The committee note for IPI Criminal 4th No. 2.01R explicitly states that "[w]henever this instruction is given, Instruction 26.01R *must* also be given. This instruction may not be used in conjunction with any other instruction from the 26.01 series." (Emphasis added.) IPI Criminal 4th No. 2.01R, Committee Note, at 52. Thus, the trial court is not permitted to use this instruction alongside IPI Criminal 4th No. 26.01. Second, this instruction does not inform the jury how to complete the verdict forms, the subject of the 26.01 series. The fact that the jury was instructed as to the presence of lesser included offenses does not correct the fact that the jury was improperly informed on how to render a verdict involving lesser included offenses.

We are also unpersuaded by the State's contention that it was not an error to give IPI Criminal 4th No. 26.01 because it is a former version of IPI Criminal 4th No. 26.01R and while not specifically crafted for lesser included offenses, it still accurately states the law. The State cites the Second District case of *People v. Kegley*, 227 Ill. App. 3d 48, 56 (1992), as support. However, this case is easily distinguishable from the present case. There, defense counsel tendered IPI Criminal 2d Nos. 2.01R and 26.01R, but later agreed that the instructions were confusing and that the former versions, IPI Criminal 2d Nos. 2.01 and 26.01, should be given. *Kegley*, 227 Ill. App. 3d at 53. The reviewing court held that the defendant's attorney effectively withdrew the instructions and there was no error in giving the former versions. *Kegley*, 227 Ill. App. 3d at 56. The *Kegley* court referred to a prior decision from the Fourth District, *People v. Tucker*, 193 Ill. App. 3d 849 (1990), for its position that "the use of an earlier version of a pattern instruction that still correctly states the law is not reversible error." *Kegley*, 227 Ill. App. 3d at 56, citing *Tucker*, 193 Ill. App. 3d at 854. In *Tucker*, a defendant contended on appeal that the jury received an outdated non-IPI instruction, but the reviewing court found that the version given was not outdated and noted the instruction offered by the defendant was part of the 1989 supplement though his trial was held in November 1988. *Tucker*, 193 Ill. App. 3d at 853. The *Tucker* court went on to state as *dicta*, with no citation to authority,

that "[w]hile we believe that Supreme Court Rule 451(a) (107 Ill. 2d R. 451(a)) requires a trial court to use the latest version of a particular IPI instruction that may be applicable, use by a trial court of an earlier IPI version of that same instruction is not reversible error as long as the earlier version still correctly states the law." *Tucker*, 193 Ill. App. 3d at 854.

Here, unlike *Tucker*, the instruction was not a recent amendment and, unlike *Kegley*, the proper instruction was not withdrawn. Further, the committee notes and titles of the instructions make clear that IPI Criminal 4th No. 26.01 is not a proper substitute for IPI Criminal 4th No. 26.01R. As we have discussed, IPI Criminal 4th No. 26.01 does not accurately instruct the jury as to verdict forms when a defendant has been charged with lesser included offenses. Significantly, this is not a situation where the harm to defendant is theoretical; as we will discuss further, the jury expressed confusion in a question and entered conflicting verdicts based on this error.

Accordingly, we find that the trial court erred in giving IPI Criminal 4th No. 26.01 instead of IPI Criminal 4th No. 26.01R. However, this finding does not end our analysis. We must now consider whether this error was so substantial as to have affected the fundamental fairness of defendant's trial. We conclude that it did for the following reasons.

The record shows proof of the jury's confusion in considering greater and lesser included offenses where the jury sent out a question on this subject during its deliberations. The jury asked, "Can Carter be guilty for under 100 grams and over 100 grams using the same evidence?" This question indicates that the jury was considering whether it could find defendant guilty of the greater and lesser charged cocaine offenses. Paragraph 4 of IPI Criminal 4th No. 26.01R would have instructed the jury that if it found defendant guilty of the greater and the lesser included offenses, then it should only sign the verdict form for the greater offense. Rather than correct its instruction error, the trial court's response to the jury was, "You are to consider the evidence and the written instructions and continue to deliberate."

"The trial court has a duty to instruct the jury when clarification is requested, the original instructions are insufficient or the jurors are manifestly confused." *People v. Jones*, 364 Ill. App. 3d 740, 748 (2006), citing *People v. Reid*, 136 Ill. 2d 27, 39 (1990).

> "A trial court may exercise its discretion and properly decline to answer a jury's inquiries where the instructions are readily understandable and sufficiently explain the relevant law, where further instructions would serve no useful purpose or would potentially mislead the jury, when the jury's inquiry involves a

question of fact, or if the giving of an answer would cause the court to express an opinion which would likely direct a verdict one way or another. [Citation.] However, jurors are entitled to have their inquiries answered. Thus, the general rule is that the trial court has a duty to provide instruction to the jury where it has posed an explicit question or requested clarification on a point of law arising from facts about which there is doubt or confusion. [Citation.] This is true even though the jury was properly instructed originally. [Citation.] When a jury makes explicit its difficulties, the court should resolve them with specificity and accuracy [citations]. If the question asked by the jury is unclear, it is the court's duty to seek clarification of it. [Citations.] The failure to answer or the giving of a response which provides no answer to the particular question of law posed has been held to be prejudicial error. [Citations.]" *People v. Childs*, 159 Ill. 2d 217, 228-29 (1994).

We have already found that the trial court improperly instructed the jury as to the verdict forms because the defendant was charged with a lesser included offense. Since the original instructions were insufficient and the jury expressed its confusion concerning the substantive issue as to whether it could find defendant guilty of both the greater offense involving more than 100 grams as well as the lesser included offense involving less than 100 grams on the same evidence, the trial court should have answered the jury by correctly instructing the jury on this issue. If the trial court had responded to the jury's question, it could have corrected the instruction error. Without this information, the jury was not fully instructed on the proper way to consider lesser included offenses. The trial court's failure to answer the jury's question further compounded the error in the improper jury instructions, which culminated in the jury rendering conflicting verdicts.

Following its deliberations, the jury returned verdicts that illustrate its confusion over the verdict forms and lesser included offenses. The jury signed verdict forms finding defendant guilty of possession with intent to deliver more than 100 grams, but less than 400 grams of a substance containing cocaine, but also found defendant not guilty of possession with intent to deliver more than 15 grams, but less than 100 grams of a substance containing cocaine. As we have previously pointed out, if the jury had been properly instructed under IPI Criminal 4th No. 26.01R, then it would have been instructed to only sign a verdict form for the greater offense and not to sign any forms relating to the lesser included offenses.

Defendant, relying on *People v. Almo*, 108 Ill. 2d 54 (1985), contends that the trial court should have resubmitted the verdicts to the jury with clarifying instructions. In *Almo*, the jury entered guilty

verdicts against the defendant for both murder and voluntary manslaughter. The trial court gave the jury instructions to clarify that if it found the defendant guilty of murder, then it must not return a verdict on voluntary manslaughter. The jury returned to deliberate and came back with a verdict of murder. *Almo*, 108 Ill. 2d at 61-62. The supreme court found the trial court acted properly to correct the jury's misapprehension and to do nothing would have been error. *Almo*, 108 Ill. 2d at 64.

The instant case presents a different situation. Here, the jury entered a guilty on the greater offense and a not guilty as to a lesser offense. While we recognize that the supreme court has held that "defendants in Illinois can no longer challenge convictions on the sole basis that they are legally inconsistent with acquittals on other charges" (*People v. Jones*, 207 Ill. 2d 122, 133-34 (2003)), defendant has not based his challenge on appeal on the inconsistent verdicts. Instead, defendant points to the inconsistency to demonstrate the jury's confusion after being given the incorrect instruction.

In response to defendant's argument, the State has asserted that even if the trial court erred, such error was harmless. As we previously noted, we "may invoke the harmless error doctrine to dispose of claims of error that have a *de minimus* impact on the outcome of the case." *Blue*, 189 Ill. 2d at 138. However, we do not find that the errors in this case had a *de minimus* impact on the outcome of the case.

As the supreme court in *Blue* went on to state, "prejudice to a defendant's case is not the sole concern that drives our analysis of defendant's appeal: 'A criminal defendant, whether guilty or innocent, is entitled to a fair, orderly, and impartial trial' conducted according to law." *Blue*, 189 Ill. 2d at 138, quoting *People v. Bull*, 185 Ill. 2d 179, 214 (1998). "[W]hen a defendant's right to a fair trial has been denied, this court must take corrective action so that we may preserve the integrity of the judicial process." *Blue*, 189 Ill. 2d at 138. Additionally, "when an error arises at trial that is of such gravity that it threatens the very integrity of the judicial process, the court must act to correct the error, so that the fairness and the reputation of the process may be preserved and protected. Critically, the court will act on plain error *regardless* of the strength of the evidence of defendant's guilt." (Emphasis in original.) *Blue*, 189 Ill. 2d at 138, citing *People v. Green*, 74 Ill. 2d 444, 455 (1979) (Ryan, J., specially concurring).

Here, we find that the combined effect of these errors affected the fundamental fairness of defendant's trial. In light of the instruction error and the expressed confusion by the jury, we are not confident in their verdict. The jury was not given an opportunity to fully consider the lesser included offenses because IPI Criminal 4th No. 26.01 did

not provide the requisite information to reach a fair verdict. Further, the trial court supplied the jury with incorrect information as to the number of verdict forms to sign and the wrong number of verdict forms to consider. This is not a case where the reviewing court can only speculate as to the affect an improper instruction had on the jury. Rather, the facts in this case clearly demonstrate the jury's continued confusion over how to render its verdicts on greater and lesser included offenses. We do not know if the jury was trying to show lenity toward defendant in reaching the not guilty verdict on the lesser included offense or if it was simply confused. The cumulative effect of these errors rendered the verdict unreliable and denied defendant a fair trial.

While we are mindful that defendant, appearing *pro se*, is held to the same requirements as an attorney (see *People v. Radford*, 359 Ill. App. 3d 411, 417 (2005)), we also recognize that defendant did object to this instruction during the jury instruction conference, though for a different reason. We find that this trial court's error in instructing the jury under IPI Criminal 4th No. 26.01, rather than the correct instruction of IPI Criminal 4th No. 26.01R, along with the trial court's failure to respond to the jury's question with the correct instruction and the entering of inconsistent verdicts amount to plain error affecting the fundamental fairness of defendant's trial.

Finally, we find that there is no double jeopardy impediment to a new trial. After reviewing the record, we conclude that the evidence was sufficient to prove defendant guilty beyond a reasonable doubt. However, in our finding, we reach no conclusion as to defendant's guilt that would be binding on retrial. *People v. Naylor*, 229 Ill. 2d 584, 610-11 (2008).

Based on the foregoing reasons, we reverse defendant's convictions and remand for a new trial.

Reversed and remanded.

O'MALLEY, P.J., and J. GORDON, J., concur.